**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| DARA WOODALL, | : | Civil Action No. 17-1847 (RMB) |
| Petitioner, | : |  |
| v. | : | **OPINION** |
| WILLIAM ANDERSON, *et al.*, | : |  |
| Respondents. | : |  |

**BUMB, United States District Judge**

On March 16, 2017, Petitioner Dara Woodall ("Woodall"), a state prisoner incarcerated in Edna Mahan Correctional Facility in Clinton, New, Jersey, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person In State Custody, challenging her October 8, 2009 conviction and sentence in Atlantic County, New Jersey for murder and weapons charges. (Pet., ECF No. 1, ¶¶1-5.) This Court ordered Respondents to file either a motion to dismiss on timeliness grounds or a full answer to the merits of the petition. (Order, ECF No. 4.)

This matter comes before the Court upon Respondents' motion to dismiss the petition as barred by the statute of limitations, (Mot. to Dismiss, ECF No. 8), and Petitioner's brief in opposition to the motion to dismiss. ("Petr's Opp. Brief," ECF No. 9.)

I.  PROCEDURAL HISTORY

On October 8, 2009, a judgment of conviction ("JOC") was entered against Woodall in New Jersey Superior Court, Atlantic County upon her conviction on charges of murder, unlawful possession of a weapon, and possession of a weapon for an unlawful purpose. (JOC, ECF No. 8-3.) She was sentenced to 70-year term of imprisonment, and five years of parole supervision. (Id.)

Woodall appealed her conviction and sentence on November 25, 2009. (Notice of Appeal, ECF No. 8-4.) The Appellate Division affirmed the conviction and sentence on July 1, 2011. (App. Div. Opinion, ECF No. 8-5.) Woodall filed a petition for certification in the New Jersey Supreme Court, and the New Jersey Supreme Court denied the petition on December 8, 2011. State v. Woodall, 208 N.J. 601 (Dec. 8, 2011). Woodall did not file a petition for writ of certification in the United States Supreme Court. (Mot. to Dismiss, ECF No. 8 at 5.)

On March 4, 2014, Woodall filed a Verified Petition for Post-Conviction Relief in the Superior Court of New Jersey, Law Division, Atlantic County. (PCR Pet., ECF No. 8-7.) The PCR Court denied the petition on October 16, 2014. (Order on Post-Conviction Application on Indictable Offenses, ECF No. 8-8.) Woodall filed a Notice of Appeal with the Appellate Division on November 20, 2014. (Notice of Appeal, ECF No. 8-9 at 3-5.) The Appellate Division affirmed the PCR Court on April 5, 2016. (App. Div. Opinion, ECF

No. 8-10.) Woodall subsequently filed a petition for certification in the New Jersey Supreme Court, and the New Jersey Supreme Court denied certification on November 29, 2016. (N.J. S. Ct. Order, ECF No. 8-11.)

Woodall filed the instant petition on March 16, 2017. (Pet., ECF No. 1.) She signed the petition on March 7, 2017, although she did not fill in the date when she placed the petition in the prison mailing system for purposes of the prison mailbox rule.[1] (Pet., ECF No. 1 at 14.) In Paragraph 18 of the petition, Petitioner explained why the one-year statute of limitations should not bar her petition. First, she acknowledged that her direct review apparently became final on March 7, 2012, starting the one-year period. (Pet., ECF No. 1, ¶18.) Second, she asserted that either equitable tolling or a state action impediment to filing should toll the limitations period because she did not receive the necessary documents for filing her habeas petition from the Public Defender's Office until February 20, 2017.[2] (Id.) Third, she argued her appellate attorney abandoned her, telling her to be patient

---

[1] Under the "prison mailbox rule," a § 2254 habeas petition is deemed filed at the moment the inmate delivers the petition to prison officials for mailing. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).

[2] Woodall submitted a copy of a letter, dated February 16, 2017, that was sent to her from the New Jersey Public Defender's Office in response to her request the previous month for copies of documents pertaining to her case. (Pet., Ex. A, ECF No. 1 at 16.)

3

and wait for him to file her PCR petition, and ultimately she had to file her own PCR petition in March 2014. (Id.)

II. DISCUSSION

A. The Parties' Arguments

Respondents submit that the habeas petition is untimely under 28 U.S.C. § 2244(d)(1). (Mot. to Dismiss, ECF No. 8.) The statute of limitations for petitions under § 2254 is one year. 28 U.S.C. § 2244(d). Respondents assert that direct review became final and the one-year period began on March 7, 2012, 90 days after the New Jersey Supreme Court denied certification on direct review. (Id. at 5.) Woodall did not file her petition for post-conviction relief until March 4, 2014. (Id.) At that point, 727 days lapsed since her conviction became final. (Id.) Respondents acknowledge that Woodall's PCR proceeding began on March 4, 2014, and the proceedings became final on November 29, 2016, and suggested that the statute of limitations tolled for that period. (Id.) Respondents assert another 107 days lapsed after the PCR proceedings were final before Woodall filed the instant habeas petition, for a total of 834 days "of non-excusable time." (Id. at 5-6.)

In opposition to Respondent's motion to dismiss, Woodall offered several reasons to excuse the untimeliness of her habeas petition. (Petr's Opp. Brief, ECF No. 9.) First, she asserted:

4

> In petitioner's case, she had little or no knowledge of federal habeas procedure, not even the basics on what form to use and the statute of limitations. The prison paralegals failed to or did not adequately explain to petitioner what form to use and the statute of limitations. The prison paralegals failed to or did not adequately explain to petitioner the intricacies of habeas procedure. Finally, petitioner knew nothing about what books (if any) in the prison law library contained the habeas statutes.

(Id. at 5.)

Second, Woodall alleged that the New Jersey Public Defender's Office ("NJPDO") does not provide assistance or representation to prison inmates who seek to pursue habeas claims in federal court. (Petr's Opp. Brief, ECF No. 9 at 5.) The NJPDO advises inmates by letter of the results of their state court appeals "and then suggests that the inmate might wish to file a federal habeas petition." (Id. at 5-6.) Woodall alleges that such letter does not include a habeas corpus form, nor does it explain the time deadlines and need to exhaust all claims. (Id. at 6.)

Third, Woodall states she was under the impression that her appellate lawyer would represent her in her entire post-conviction process, including federal habeas corpus. (Id.) She does not explain why she was under this impression.

Woodall further argues that equitable tolling should apply to excuse her untimely habeas petition. (Id. at 7.) She suggests there is a presumption in favor of equitable tolling, quoting Holland v.

5

Florida, 560 U.S. 631, 645 (2010) ("we have previously made clear that a nonjurisdictional federal statute of limitations is normally subject to a rebuttable presumption in favor of equitable tolling.")

Woodall explains that her lack of diligence "is largely attributable to her being unaware of the strict time deadlines for habeas filings which in turn was based on the inadequacies of the Public Defender's Office and prison law library workers." (Petr's Opp. Brief, ECF No. 9 at 8-9.) Woodall asserts that the rebuttable presumption of equitable tolling has not been overcome. (Id. at 9.)

B.  Legal Standard

28 U.S.C. § 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

6

> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

After a petitioner seeks review from the State's highest court, the judgment of conviction becomes final, and the limitations period begins to run after expiration of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). A properly-filed application for post-conviction relief tolls the habeas statute of limitations under 28 U.S.C. § 2244(d)(2). Pace v. Diguglielmo, 544 U.S. 408, 410 (2005). Time limits on post-conviction petitions are "filing" conditions that must be met for a PCR petition to be properly-filed. Id. at 417.

The Supreme Court noted that there is a rebuttable presumption in favor of equitable tolling in the case of a nonjurisdictional federal statute of limitations. Holland, 560 U.S. at 645-46. Therefore, the Court held that equitable tolling applies to the one-year statute of limitations under 28 U.S.C. § 2244(d) in appropriate cases. Holland, 560 U.S. at 645.

The rebuttable presumption described in Holland was a presumption in favor of finding that the equitable tolling doctrine applies in cases of nonjurisdictional federal statutes of limitations such as 28 U.S.C. § 2244. The Supreme Court did not adopt a rebuttable presumption, as Woodall appears to suggest, in favor of accepting a petitioner's claim that equitable tolling should be granted in his or her particular case.

A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace, 544 U.S. at 418.) Garden variety attorney neglect, such as a miscalculation that leads to missing a deadline, is not an extraordinary circumstance that warrants equitable tolling, but more serious instances of attorney misconduct may warrant equitable tolling. Id. at 651-52.

The diligence required of a habeas petitioner in pursuing his or her remedies is "reasonable diligence, not maximum feasible diligence." Munchinski v. Wilson, 694 F.3d 308, 330 (3d Cir. 2012) (quoting Holland, 130 S.Ct. at 2565 (internal quotation marks and citations omitted)). "The diligence inquiry is fact-specific and depends on the circumstances faced by the particular petitioner." Id. at 331. Thus, "[i]f a petitioner 'did what he reasonably thought was necessary to preserve his rights ... based on information he received ..., then he can hardly be faulted for not

8

acting more 'diligently' than he did.'" Id. (quoting Holmes v. Spencer, 685 F.3d 51, 65 (1st Cir. 2012)).

   C.   Analysis

      1.   The statute of limitations period began on March 7, 2012

Direct review of Woodall's conviction and sentence became final on March 7, 2012. The one-year statute of limitations began on March 8, 2012, and it expired on March 8, 2013. When Woodall filed her PCR petition on March 4, 2014, it was too late to toll the already expired habeas statute of limitations.

      2.   Equitable tolling

First, the Court rejects Petitioner's arguments that the general difficulty of a *pro se* prisoner in locating the statute of limitations and understanding its application is an extraordinary circumstance justifying equitable tolling. "[L]ack of legal knowledge or legal training does not alone justify equitable tolling." Ross v. Varano, 712 F.3d 784, 800 (3d Cir. 2013). Moreover, *pro se* petitioners are "expected to know [or learn] when the limitations period expires." See id. (quoting Doe v. Menefee, 391 F.3d 147, 177 (2d Cir. 2004) (parenthetical added)).

Woodall further contends that abandonment by her PCR attorney is an extraordinary circumstance justifying equitable tolling. In her petition, Woodall alleged:

> [A]fter petitioner's state direct appeal became final on March 7, 2012, she was in

9

> communication repeatedly with Stephen Kirsch, the attorney who represented her on direct appeal, requesting that the Public Defender proceed with preparation and filing of her post-conviction relief petition. She was repeatedly told to "wait" and "give it time" and the Public Defender never did prepare and file the documents. Finally, petitioner prepared and filed her own petition in March 2014.

(Pet., ECF No. 1, ¶18.)

In her reply brief, Woodall alleges the New Jersey Public Defender's Office typically sends a letter advising inmates of the results of their state court appeals "and then suggests the inmate might wish to file a federal habeas petition."[3] (Reply, ECF No. 9 at 5-6.) Furthermore, she asserts that she was "under the impression that her appellate lawyer would continue to represent her through her entire post-conviction process attacking her conviction and sentence, including federal habeas corpus." (Id. at 6.)

If indeed Woodall's public defender agreed to represent her in her post-conviction proceedings and told her to wait and give it time before starting the proceedings, without informing her of the potential consequences to her federal habeas claims, Woodall may be entitled to equitable tolling. Woodall has alleged sufficient facts to hold an evidentiary hearing regarding the

---

[3] Woodall did not submit a copy of this letter. She may do so prior to the evidentiary hearing.

circumstances surrounding her late filing of a PCR petition after the federal habeas limitation period expired. See Holland, 560 U.S. at 651 (citing examples Nara v. Frank, 264 F.3d 310, 320 (C.A.3 2001) ("ordering hearing as to whether client who was "effectively abandoned" by lawyer merited tolling") and Baldayaque v. U.S., 338 F.3d 145, 152-153 (2d Cir. 2003) ("finding that where an attorney failed to perform an essential service, to communicate with the client, and to do basic legal research, tolling could, under the circumstances, be warranted.")

III. CONCLUSION

For the reasons discussed above, Respondents' motion to dismiss will be administratively terminated, subject to reopening upon the Court's appointment of counsel to represent Woodall in an evidentiary hearing on her claim of attorney abandonment justifying equitable tolling of the statute of limitations.

An appropriate order follows.

Dated: February 1, 2018

                                           s/Renée Marie Bumb
                                           **RENÉE MARIE BUMB**
                                           **United States District Judge**